The opinion of the Court was delivered by
Gibson J.
The jurisdiction in debt, to the amount of forty shillings, given to justices of the peace by the act of 1715, was exclusive of that of the Courts of common law, which was expressly taken away ; and every subsequent act extending the jurisdiction, in cases of contract, although without excluding the common law Courts, yet imposed a restriction on the exercise of their jurisdiction, by subjecting the plaintiff, unless under special circumstances, to the loss of costs, if he sued in Court for a cause of action cognizable before a justice. On the other hand, the jurisdiction given in cases of tort, was, at least before the act of 1814, accompanied by no such restriction. This distinction between the two classes of actions, so studiously preserved, is remarkable, and ought to have weight in the construction of a doubtful clause. But it is argued, that the act of 1814, extending the jurisdiction in trespass and trover, to one hundred dollars, confounds all former distinctions on the subject, and renders those actions subject, in every particular, to all the *88 provisions of the one hundred dollar law. The fourth section provides, that “ the process, return thereof, notices, awards, judgments, and appeals, and the proceedings of justices, constables, referees, and Courts, and every proceeding necessary to carry this act into effect, which is not Tierein specially provided for, shall be made and done, under and according to, the provisions and regulations in similar cases, contained in the act, entitled,” &c. Does this supply any thing, except the particular details necessary ta carry on •the suit before the justice ¶ The sweeping clause “ every proceeding necessary to carry this act into effect, which is not herein specially providedfor,” shews that the whole of the one hundred dollar act was not intended to be adopted, but only such parts of it as were necessary to carry on' the cause. The only thing that gives colour for ■ an argument, is the clause, declaring, that the proceedings of Courts shall be according to the regulations of the one hundred dollar act, in similar cases ; but that is explained by another clause immediately following, which shews, that only those provisions were intended, that were necessary to carry the' delegated powers into execution; and the provision relative to the Courts is satisfied by, and must be understood to refer to causes, which come into Court by appeal, or on certiorari,, and not to those that never were commenced or prosecuted under the act at all. The provisions of an act, taking away costs, in actions commenced under certain, circumstances in the Common Pleas, can in no respect be necessary to the execution of powers delegated to justices of the peace. It is plain, therefore, the words do not extend' to the taking away costs. Then are we sure, that measure was within the meaning of the Legislature? As to that, we can only indulge a conjecture, which is insufficient to-justify us in throwing an impediment in the way of the jurisdiction of the Courts of common law; particularly as the Legislature have, in former acts, been careful to avoid it; and if there had been a change of policy in this respect, we ought to expect to find an explicit expression of it. The fourth section of the act of 1814, is therefore to be considered as having adopted only those provisions of the one hundred dollar act, which were directly applicable to cases, immediately before justices of the peace, of coming before the Courts of common law, under some provision of those acts themselves; *89 and not those indirectly affecting cases that never were prosecuted under any act giving jurisdiction to justices, at all. The point was directly decided at the last-term of the western district, in a case not yet reported; and not having heard any thing to induce us to change the opinion we then expressed, we think the judgment should be reversed as to the costs, and entered for the plaintiff.
Judgment reversed as to the costs, and entered generally for the plaintiff.